UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EMILY M K.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendants. | Case No. C19-5384 TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms defendant's decision to deny benefits.

## I.　ISSUES FOR REVEW

1. Did the ALJ err in evaluating the opinion of Dr. James Roberts?

## II.　BACKGROUND

On September 9, 2015 plaintiff filed an application for a period of disability and disability insurance benefits alleging a disability onset of February 2, 2015. AR 15. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 15, 93-95, 99-101. A hearing was held before Administrative Law Judge ("ALJ") Cynthia D. Rosa on December 14, 2017. AR 31-60. On March 28, 2018,

the ALJ issued a written decision finding that plaintiff was not disabled. AR 12-25. The Social Security Appeals Council denied plaintiff's request for review on March 25, 2019 AR 1-3.

On May 10, 2019, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision. Dkt. 4.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV. DISCUSSION

In this case, the ALJ found that plaintiff has the severe, medically determinable impairments of morbid obesity, lumbar degenerative disease status post laminectomy and discectomy at L4-5, left shoulder adhesive capsulitis status post surgical intervention, and right biceps tendinitis. AR 17. The ALJ also found that plaintiff had the non-severe impairments of migraine headaches, anxiety, and depression. AR 17-19.

Based on the limitations stemming from these impairments, the ALJ found that plaintiff could perform light work. AR 20. Relying on vocational expert ("VE") testimony, the ALJ found that while plaintiff could not perform past work, plaintiff could perform other light work at step five of the sequential evaluation, therefore, the ALJ determined at step five that plaintiff was not disabled. AR 24-25, 58-60.

A.  <u>Whether the ALJ erred in evaluating Dr. Robert's Testimony</u>

Plaintiff maintains that the ALJ erred in evaluating the opinion of plaintiff's primary care provider James Roberts, MD. Dkt. 10.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.*

On November 30, 2017 Dr. Roberts completed an impairment questionnaire providing an opinion regarding plaintiff's conditions and plaintiff's current residual physical functional capacity. AR 767-769. Dr. Roberts explained that he had been plaintiff's primary care provider for the previous six years. AR. 767. Dr. Roberts opined that plaintiff's medical conditions included chronic back pain, fibromyalgia, chronic shoulder pain, depression, anxiety and headaches. *Id.* Dr. Roberts described plaintiff's symptoms as diffuse muscular pain, fatigue, difficulty with sleep and decreased stamina. *Id.*

Dr. Roberts opined that plaintiff "is able to work at a steady pace for only a short period of time and then will not be able to function for a day or two after." AR 768. Dr. Roberts also explained that plaintiff's symptoms may wax and wane depending on plaintiff's level of activity. *Id.*

With regards to plaintiff's residual functional capacity, Dr. Roberts opined that plaintiff could occasionally lift or carry less than 10 pounds and did not provide an

1  answer for how much plaintiff could frequently lift or carry. AR 768. Dr. Roberts did not
2  provide an explanation for these limitations. *Id*. Dr. Roberts further opined that plaintiff
3  can stand and/or walk for 30 minutes at a time, can stand for less than two hours in an
4  eight hour day, could sit for 45 minutes at a time, but has to change positions and could
5  sit for four hours in an eight hour day but has to change positions. *Id.* Dr. Roberts did
6  not provide an explanation for these limitations. *Id.* Dr. Roberts stated that plaintiff's
7  "typical day includes sitting for 1-2 hours then shifting to different positions – laying
8  down for 1-2 hours." *Id.*

9  Dr. Roberts also opined that plaintiff could never reach overhead, reach laterally
10 or to the front, engage in gross manipulation or fine manipulation with her right arm
11 because plaintiff's shoulder was being evaluated for possible surgery due to a rotator
12 cuff injury. AR 768. Dr. Roberts opined that plaintiff could frequently reach overhead,
13 reach laterally or to the front, engage in gross manipulation or fine manipulation, or feel
14 with her left arm. AR 769. When asked to provide the reasoning for the limitations on
15 the use of plaintiff's left arm Dr. Roberts stated "as above on R side." *Id.*

16 Next, Dr. Roberts stated that the symptoms from plaintiff's conditions and side
17 effects from medications would not interfere with plaintiff's ability to sustain attention
18 and concentration. AR 769. However, Dr. Roberts concluded that plaintiff's attention
19 and concentration would be impaired to such a degree that she could not be expected
20 to perform even simple work tasks for 20% of a standard workweek. *Id.* Dr. Roberts
21 explained that plaintiff's concentration and attention would be impaired due to her
22 overall condition, not her medication. *Id.* Dr. Roberts further opined that plaintiff would

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

miss 16 hours or more per month due to her impairments, symptoms, or medications, but did not provide further elaboration. AR 769.

Finally, when prompted to explain his opinion, Dr. Roberts stated that plaintiff "has the desire to work, take care of her children, play violin, but her condition limits her ability to do so. She would not be able to maintain the rigors of a regular job." AR 769.

The ALJ assigned "little weight" to Dr. Roberts' opinion. AR 23. The ALJ reasoned that: (1) Dr. Roberts' opinion appeared to be based mostly on the plaintiff's subjective limitations; (2) Dr. Roberts' provided little explanation for his opinion that the claimant would have extreme limitations; (3) the objective evidence including treatment notes from Dr. Roberts do not document significant or persistent clinical findings that would support the extreme limitations noted in his opinion; (4) the course of treatment also seems inconsistent with the extreme limitations reported by Dr. Roberts; (5) plaintiff's shoulder disorder would not limit her use of her hands; (6) the evidence does not show any decreased range of motion in the wrist or fingers, weakness in the upper extremities or deficits in fine motor movements; (7) the evidence does not show observations of poor concentration and the claimant rarely, if ever, reported side effects from her medications and (8) the opinion seems inconsistent with the claimant's activities of daily living, such as child care. AR 23.

1. <u>Brief and Conclusory Opinions Inadequately Supported by Clinical Findings</u>

The ALJ is not required to accept the opinion of a treating physician "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul*, 950 F.3d 1141, 1154-55 (9th Cir. 2020); *see also, Young v. Heckler*, 803 F.2d 963, 968 (9th Cir. 1986) (a physician's opinion may be rejected "if brief and conclusory

in form with little in the way of clinical findings to support [its] conclusion"). However, even where a treating physician's opinion is brief and conclusory, an ALJ must consider its context in the record—especially the physician's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Accordingly, while the ALJ cannot reject the opinion merely for being expressed as answers to a check-the-box questionnaire, the ALJ may permissibly reject a report that does not contain any explanation of the basis of their conclusion. *Ford*, 950 F.3d at 1155 (internal quotations omitted).

Here, the ALJ points to the fact that Dr. Roberts' opinion is brief, conclusory and lacks explanations for the proffered limitations. For example, when asked to explain his opinion that plaintiff cannot meet the requirements for a standard production pace, Dr. Roberts stated that plaintiff "is able to work at a steady pace for only a short period of time and then will not be able to function for a day or two after." AR 768. Although this explanation reiterates Dr. Roberts' findings, it does not provide any clinical findings or explain what symptoms or conditions would cause the proffered limitations.

With regards to plaintiff's residual physical functional capacity assessment, the only explanation Dr. Roberts provides for his opinions regarding plaintiff's ability to lift and/or carry, walk, stand, or sit is that plaintiff's "typical day includes sitting for 1-2 hours then shifting to different position – laying down for 1-2 hours." AR 768. This explanation provides no clinical finding and does not explain the basis for Dr. Roberts' opined limitations.

Next, Dr. Roberts limited plaintiff to never reaching overhead, never reaching laterally or to the front, never handling, and never fingering with his right arm. AR. 768.

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 6

Dr. Roberts states that the "shoulder on right side is currently being evaluated for possible surgery. She has a rotator cuff injury." AR 768.

Dr. Roberts' brief explanation for the opined right upper extremity limitations does not provide any clinical findings, does not explain what condition plaintiff suffers from, nor does the opinion identify specific impacts associated with any condition concerning plaintiff's ability to use her right arm. *Id.* Additionally, as the ALJ explained, the objective medical evidence in the record does not show any evidence of plaintiff's inability to use her right arm, or that any shoulder injury would limit plaintiff's ability to use her hands. AR 22. While plaintiff submitted evidence that she was being referred for surgery for right bicipital tendinitis (AR 771) there is no evidence indicating how limiting this condition would be on plaintiff. Accordingly, the ALJ did not err in discounting Dr. Roberts' opinion regarding plaintiff's right arm functionality for being brief, vague and unsupported by the objective medical evidence in the record.

Dr. Roberts responded to a question on the form about the reason for plaintiff's left upper extremity limitations, and Dr. Roberts asserted: "As above on R side." AR 769. This explanation provides no clinical findings, does not explain how a right shoulder injury would limit plaintiff's left shoulder and is not supported by the evidence in the record. AR 769.

Regarding plaintiff's attention and concentration impairment, Dr. Roberts states that the symptoms from plaintiff's conditions would not interfere with plaintiff's ability to sustain attention and concentration. AR 769. Dr. Roberts also opines that due to her "overall condition" plaintiff's attention and concentration will be impaired to such a degree that she could not be expected to perform even simple tasks 20 percent of the

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

time. AR 769. Dr. Roberts' brief and conclusory opinion that plaintiff's concentration and attention will be impaired due to her "overall condition" does not explain the basis for Dr. Roberts conclusion, especially in light of contradicting opinions provided in the same form. *See*, AR 769. Dr. Roberts also opines that plaintiff would be expected to miss 16 hours or more per month due to her impairments but does not provide any further explanation. AR 769.

Accordingly, Dr. Roberts opinion failed to provide more than brief and conclusory opinions unsupported by explanation or clinical findings.

However, the ALJ is not allowed to disregard a treating physician's opinion solely because the opinion is brief and conclusory, the ALJ is required to consider the context of the record. *Burrell*, 775 F.3d at 1140.

Here, the ALJ considered the record, including Dr. Roberts' treatment notes. The ALJ weighed the record and treatment notes in her decision finding that the treatment notes did not support finding that plaintiff's reported fibromyalgia, irritable bowel syndrome, migraine headaches, seizures, anxiety or depression were medically determinable severe impairments. AR 17-20. Further, considering the record and treatment notes, the ALJ determined that evidence that plaintiff's symptoms had improved with treatment did not support a finding of extreme limitations due to plaintiff's chronic back pain or left shoulder injury. AR 21-22. The ALJ also considered the evidence of plaintiff's right bicipital tendinitis explaining that the objective evidence in the record did not show signs of inability to use the right upper extremity. AR 22. Accordingly, it does not appear that the ALJ ignored the context of the record or Dr. Roberts' treatment notes.

Based on the forgoing, the ALJ did not err in rejecting the opinions Dr. Roberts provided in response to the Impairment Questionnaire because the opinion is brief, conclusory and unsupported by clinical findings.

2. <u>Harmless Error</u>

The ALJ provided additional reasons for discounting Dr. Roberts' opinion; but any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (although an ALJ erred on one reason he gave to discount a medical opinion, "this error was harmless because the ALJ gave a reason supported by the record" to discount the opinion).

## CONCLUSION

Based on the foregoing discussion, the Court finds that the ALJ's decision giving Dr. Roberts' opinion little weight was not erroneous. Defendant's decision to deny benefits is therefore AFFIRMED.

Dated this 2nd day of October, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 9